UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARLON JERMAIN C.,

                     Plaintiff,

    v.

ANDREW M. SAUL,
Commissioner of Social Security,

                     Defendant.

CASE NO. C20-5334-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

       Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

       Plaintiff was born on XXXX, 1972.[1] He has a high school education and previously worked as an extruder operator, tool-crib attendant, car wash attendant, industrial cleaner, and subassembly assembler. (AR 24-25.)

       Plaintiff filed applications for DIB and SSI in September 2016, alleging disability

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

beginning June 24, 2015. (AR 108-09.) The applications were denied at the initial level and on reconsideration.

On May 23, 2018, ALJ David Johnson held a hearing, taking testimony from plaintiff and vocational expert (VE) Steve Duchesne. (AR 33-89.) At the hearing, plaintiff amended the alleged onset date to June 25, 2015, the day after a previous application was denied. (AR 37.) On September 13, 2018, the ALJ issued a decision finding plaintiff not disabled from the alleged onset date through the date of the decision. (AR 15-26.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on February 7, 2020 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff had the severe impairments of Vitamin B12 deficiency, anemia, liver disease, cirrhosis, short bowel syndrome, Gilbert's syndrome, edema, postsurgical malabsorption, internal hemorrhoids, degenerative disc disease, history of alcoholism, gastroesophageal reflux disease (GERD), major depressive disorder, rule-out PTSD, and rule-out bipolar disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's

impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff able to perform medium work with occasional interaction where the public is not typically present.  With that assessment, the ALJ found plaintiff able to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the vocational expert, the ALJ made alternative findings that plaintiff was capable of performing other jobs, such as work as a hand packager, auto detailer, vehicle escort driver, or document preparer.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.")  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in finding he did not meet a listed impairment, assessing the

frequency of his bowel movements, and evaluating several medical opinions. He requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

### Listing 5.07

Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id.* at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); § 416.926 (a). *See also Sullivan*, 493 U.S. at 531(to establish equivalency, claimant "must present medical findings equal in severity to all the criteria" for the listing).

Plaintiff contends the ALJ erred by failing to properly evaluate whether his impairments met or medically equaled Listing 5.07 under 20 C.F.R. Part 404, Subpart P, Appendix 1. Listing 5.07 requires showing "surgical resection of more than one-half of the small intestine, with dependence on daily parenteral nutrition via a central venous catheter[.]" 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 5.07.

Plaintiff erroneously states "it is acknowledged that [plaintiff] had 11 feet of his small intestine removed," which is more than one-half. (Dkt. # 20 at 5 (citing AR 21).) Plaintiff cites the ALJ's statement that plaintiff "reported that he had 11 feet of his small intestine removed[.]" (AR 21 (citing AR 401).) In his reply brief, plaintiff similarly cites no evidence beyond his own

ORDER
PAGE - 4

report that he has only three feet of small bowel remaining.  (*See* AR 588.)  However, meeting Listing 5.07 requires "a copy of the operative report of intestinal resection, . . . including: . . . medically appropriate postoperative imaging studies that reflect the amount of [the claimant's] residual small intestine, or . . . other medical reports that include details of the surgical findings." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 5.00F(3).  Accordingly, plaintiff's statements are not sufficient to establish the requirements of Listing 5.07.  Plaintiff contends the ALJ should have consulted a medical expert regarding the listing, but an outside medical expert could not supply the information needed to establish Listing 5.07.

Moreover, plaintiff concedes there is no evidence of dependence on daily parenteral nutrition.  He argues there is evidence of anemia and post-surgical malabsorption, but fails to explain how this could be considered equivalent to the daily need for nutrition via a central venous catheter.  Plaintiff and his counsel also failed to raise any issue related to Listing 5.07 at the hearing.  (*See* AR 38-40.)  "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence."  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

The Court concludes the ALJ did not err by finding plaintiff's impairments did not meet or medically equal a listed impairment.

### Frequency of Bowel Movements

Plaintiff testified he has six to eight bowel movements per day, requiring 15 to 25 minutes in the bathroom.  (AR 61.)  While not challenging the ALJ's discounting of his testimony, plaintiff contends the ALJ erred by "reject[ing] any significance to" having "multiple bowel movements . . . daily[.]"  (Dkt. # 20 at 5.)  Plaintiff contends the VE testified any frequency or duration of

bathroom visits would preclude all work. (*Id.* (citing AR 84).) This mischaracterizes the VE's testimony. He testified needing "to stop and go to the bathroom randomly, . . . if it was outside of a normal schedule, . . . would interfere with" the job of vehicle escort driver. (AR 84.[2]) However, the ALJ identified several other jobs plaintiff could perform. (AR 24-26.) The VE testified bathroom visits would interfere with all competitive employment only if they led to being off task over 10% of the time. (AR 80.) Plaintiff does not contend he needs to be in the bathroom for over 10% of his work day, outside of regular break times.

The Court concludes the ALJ did not harmfully err in evaluating bowel movement frequency.

RFC Assessment

"The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . . Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p. Consistent with this ruling, the ALJ assessed all functional limitations at issue, and then determined plaintiff had the RFC to perform medium work. (*See* AR 20-24.)

Citing SSR 96-8p, Plaintiff contends the ALJ erred by failing to address in the RFC his ability to sit, stand, walk, push, and pull. Plaintiff asserts, without citation to any legal authority, that the failure "constitutes reversible error." (Dkt. # 24 at 4.) Plaintiff points to no evidence of limitations in any of these areas. In fact, he concedes "short bowel syndrome is not necessarily reflected in the ability to lift, carry, sit, stand or other physical abilities." (Dkt. #24 at 3.) When

---

[2] The Court notes plaintiff testified that he needs the bathroom not randomly, but predictably 45 minutes after eating. (*See* AR 53.)

asked at the hearing why he could not work, plaintiff did not mention any limitations in these abilities. (*See* AR 60-61 (cannot work due to constant bowel movements, depression and anxiety, and medical appointments).) Plaintiff thus fails to show that the ALJ's failure to explicitly discuss sitting, standing, walking, pushing, or pulling resulted in any harmful error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (An ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'" The Court looks to "the record as a whole to determine whether the error alters the outcome of the case.") (quoted source omitted).

The Court concludes the ALJ did not harmfully err in assessing the RFC.

### Period of Disability

Plaintiff contends the ALJ should have considered a period of disability because, prior to November 2017, several medical sources opined he was limited to sedentary work. (*See* AR 390[3], 412-14, 563-65, 596-99.) However, the ALJ discounted these opinions, and plaintiff does not identify any error in the ALJ's analysis. (*See* AR 23-24.)

### Past Relevant Work

Plaintiff contends the ALJ erred in evaluating his past work. Plaintiff refers vaguely to "limitations expressed by Dr. Staley" but fails to identify what limitations he is referring to or how the ALJ erred in rejecting or interpreting them. (Dkt. # 20 at 8.) Plaintiff fails to even provide any citation to the record. The Court finds this argument, made without elaboration, explanation, or citation to supportive evidence, waived. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (the bare assertion of an issue does not preserve a claim; "We require contentions to be accompanied by reasons.").

---

[3] While the ALJ did not mention the 2013 opinion of Myna Palasi, M.D., in the current decision, this Court affirmed rejection of that opinion on appeal from a prior ALJ decision. (*See* AR 390, 163.)

ORDER
PAGE - 7

Occasional Interaction

Plaintiff argues, without citation to any authority, that the limitation in the RFC to only occasional interaction precludes all employment because "no employer would tolerate" an employee's inability to interact with supervisors two-thirds of the time. (Dkt. # 20 at 9.) At the hearing, the VE testified a person limited to occasional interaction could perform plaintiff's past relevant work in addition to several other jobs. (AR 79-80.) Plaintiff's unfounded speculation to the contrary fails to establish error.

**CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 30th day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge